# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-843V
Filed: December 15, 2014

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| NICOLE PREVITI, | |
| Petitioner, | Finding of fact; Proof of vaccination |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

William E. Cochran, Jr., Esq., Black McClaren Jones Ryland & Griffee, P.C., Memphis, TN, for petitioner.
Adriana Ruth Teitel, Esq., U.S. Dept. of Justice, Washington, DC, for respondent.

## ORDER and RULING ON FACTS[1]

**Vowell,** Special Master:

On September 11, 2014, Nicole Previti ["petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq, [the "Vaccine Act" or "Program"]. Petitioner alleges she suffered brachial neuritis following the administration of the tetanus, diphtheria, and acellular pertussis ["TDaP"] vaccine on April 26, 2012. (*See* Petition at 1.) Petitioner alleges that her injury is a Table injury,[2] alleging in the alternative that it was "caused-in-fact" by her vaccination. (*Id.*) The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] A "Table" injury is an injury listed on the Vaccine Injury Table, 42 C.F.R. § 100.3, corresponding to the vaccine received within the time frame specified.

## I. Procedural History

A telephonic status conference was held on October 9, 2014. William Cochran appeared on behalf of petitioner, and Adriana Teitel appeared on behalf of respondent. (*See* Order, issued October 9, 2014 (ECF No. 10), at 1.) Daniel Horner appeared on my behalf as the OSM staff attorney managing this case. During the call, respondent's counsel noted that respondent had not at that time completed a review of this case, but noted concern regarding the lack of documentation in the medical records indicating in which arm the implicated vaccine was administered. (*Id.*) Petitioner filed records in this case showing that the TDaP vaccine had been administered during the course of her hospitalization, but these records did not identify the injection site. (Ex. 1, p. 115.) Petitioner was given 30 days, until November 10, 2014, to supplement the record regarding further proof of vaccination and respondent was ordered to file a status report 30 days after that, no later than December 10, 2014, indicating respondent's position regarding settlement negotiations. [3] (*Id.*)

On November 26, 2014, petitioner filed an affidavit indicating that the hospital where she received the implicated vaccination kept no further proof of vaccination beyond what had already been filed. (*See* Ex. 14, at 1.) In that same affidavit, petitioner described the circumstances of her vaccination in greater detail and explained the basis of her recollection. (Ex. 14, pp. 2-3.) Petitioner also filed two photographs in further corroboration of her account. (Exs. 15, 16.) Petitioner also referred back to a previously filed affidavit and photograph that she indicated further support her recollection. (*See* Exs. 11, 12.)

On December 8, 2014, respondent filed a status report indicating that "respondent's position on how she wishes to proceed is dependent on the Court's factual finding regarding in which shoulder petitioner's April 26, 2012 Tdap vaccination was administered. If it is determined that the vaccine was administered in her right shoulder, respondent believes this case would be appropriate for settlement negotiations." (*See* ECF No. 14, p. 1.) Respondent's status report, however, did not discuss the statutory qualification and aids to interpretation which indicate that with regard to brachial neuritis "[t]he neuritis, or plexopathy, may be present on the same side as or the opposite side of the injection." (42 U.S.C. § 300aa-14(b) as amended by 42 CFR § 100.3.)

In an order dated December 9, 2014, I indicated that I was prepared to make a fact finding if necessary, but required respondent to make a motion for a finding of fact and to "explicitly address the need for such ruling" in light of the language of the qualification and aids to interpretation. (*See* Order, issued December 9, 2014 (ECF No.

---

[3] A motion for an enlargement of time was subsequently filed on November 10, 2014, by petitioner (ECF No. 11), and granted on November 12, 2014. (*See* Order, issued November 12, 2014 (Non-PDF).) Petitioner's deadline was extended to December 10, 2014, and respondent's deadline to January 9, 2015. (*Id.*)

15), p. 2.)  On December 10, 2014, respondent made a motion "for a factual finding regarding administration of Petitioner's Tdap vaccine."[4] (ECF No. 16.)

Respondent's motion explained that the factual ruling indicating in which arm petitioner received her vaccination is necessary, because the record includes statements by petitioner indicating that she experienced "bearable" pain soon after the vaccination.  (*See* ECF No. 16, p. 3.)  In respondent's view of the case, this "bearable" pain might be attributed to a local site reaction if the vaccine is determined to have been given in the right shoulder. (ECF No. 16, pp. 3-4.)  Absent such a finding, respondent argues that petitioner's initial "bearable" right shoulder pain would not be vaccine-caused.  According to respondent, this distinction changes the calculus of onset and therefore bears on the likelihood that petitioner's injury was vaccine caused. (*Id.*)  In light of respondent's explanation, I conclude that a fact ruling resolving the administration site of the implicated vaccination is appropriate.[5]

## II.  Factual Finding

On April 24, 2012, Petitioner was admitted to the Oakwood South Shore Medical Center for a cesarean section.  (Ex. 1, p. 96.)  Petitioner remained hospitalized until being discharged on April 26, 2012.  On April 26, 2012, prior to leaving the hospital, petitioner was administered a TDaP vaccination.  (Ex. 1, p. 115.)   The record indicates that the vaccine was administered as scheduled at 12:28 pm[6], but does not indicate the injection site. (*Id.*) Petitioner has averred, however, that she received the vaccination in her right shoulder. (Ex. 12, p. 1.)  Petitioner also averred that she contacted Oakwood South Shore Medical Center twice, in August and October or 2014, to obtain any additional record of her TDaP vaccination. (Ex. 14, p. 1.)  Petitioner swears in her affidavit not only that the hospital denied having any additional records, but also that she was specifically told that the hospital did not document in which arm it administered her vaccination. (*Id.*)

Significantly, petitioner also submitted photographic evidence tending to show that she likely received her vaccination in her right shoulder.  Specifically, petitioner filed as Exhibit 11, pictures of her right arm illustrating a "pea sized" lump which she swears, in an affidavit filed as Exhibit 12, developed at the site of vaccine administration. (Ex 12,

---

[4] In her motion, respondent indicates that she is "renewing her request for a factual finding." (ECF No. 16, p. 4.)  Actually, no request for a factual finding was explicitly made in the status report.  The status report advised the court that respondent's position is dependent upon a fact finding, but did not indicate that a fact finding was requested.

[5] I stress that this ruling pertains only to the question of whether petitioner's vaccination was administered in her right arm and does not address the onset of her injury.  Respondent's theory that petitioner's initial shoulder pain was a vaccine site reaction is discussed only because it substantiates respondent's request for the fact ruling in this case at this time, despite the fact that petitioner is alleging brachial neuritis.  I am not deciding whether the location of petitioner's vaccination bears the significance respondent suggests.

[6] Respondent contends the administration was likely earlier in the day as petitioner signed her discharge papers at 12:15pm that day. (*See* ECF No. 16, p. 2, citing Ex. 1, p. 101.)  This ruling does not address the specific timing of Petitioner's TDaP vaccination.

p. 1.)  In addition, petitioner also filed a photograph of herself in her hospital bed. (Ex. 15.)  In this picture, petitioner's left arm is clearly visible, and, as petitioner notes in her accompanying affidavit, there is no visible sign of any vaccination into her left arm.  (Ex. 14, p. 2.)  Although the photograph is not date stamped, petitioner explained that she knows the photograph to have been taken post-vaccination, because she recalls that she received the vaccination prior to showering that day and is wearing the clothing she recalls having put on for the first time after her shower.  (*Id.*)

Moreover, petitioner also persuasively bolsters her recollection by recalling the additional detail that the door to the hospital room was on the right side of her bed and her baby's bassinet adjacent to the left side of her bed, away from the door. (*Id.*)   She argues it is unlikely that hospital staff would have walked around the bed only to have to reach over the bassinet to administer the vaccination. (*Id.*)

**In the absence of evidence to the contrary, and in light of the significant detail provided by petitioner, I find that petitioner received a TDaP vaccine in her right shoulder on April 26, 2012**.

### III.  Order

In her status report of December 8, 2014, respondent's counsel indicated that "[i]f it is determined that the vaccine was administered in her right shoulder, respondent believes this case would be appropriate for settlement negotiations." (ECF No. 14, p. 1.)  That finding has been made.  **Therefore, the parties shall file a joint status report by no later than January 16, 2015, updating the court on the progress of their settlement negotiations.  The status report shall indicate if a demand has been served, and if not, when petitioner expects to serve a demand.**

**IT IS SO ORDERED.**

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master
